IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

01 APR 18 PM 3:44

ANGELINA SALMERON,

Plaintiff,

v.   No.

HIGHLANDS FORD SALES, INC., d/b/a
HIGHLANDS AUTO PLAZA;
WESTERN SURETY COMPANY; and
FORD MOTOR CREDIT COMPANY,

Defendants.

CIV-01 0432 MV

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL / LORENZO F. GARCIA

1. This action for damages arises from Defendant Highlands Ford Sales giving false disclosures about the history and condition of a used motor vehicle. The dealership also charged Ms. Salmeron an unconscionable price for the car. Defendant's actions give rise to claims for violations of the Federal Motor Vehicle Information and Cost Savings Act, the New Mexico Unfair Practices Act, the New Mexico Motor Vehicle Dealers Franchising Act, and for fraud or misrepresentation.

### Jurisdiction

2. Plaintiff seeks damages under 49 U.S.C. §32701 *et. seq.*, the Federal Motor Vehicle Information and Cost Savings Act, and New Mexico consumer protection laws.

3. This Court has jurisdiction under the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32710 and 28 U.S.C. §§1331, 1337, and has supplemental jurisdiction over the state claims under 28 U.S.C. §1367.

**Parties**

4.     Plaintiff Angelina Salmeron ("Ms. Salmeron") resides in Rowe, New Mexico. She is a "transferee" as defined in 49 C.F.R. §580.3.

5.     Defendant Highlands Ford Sales, Inc., d/b/a Highlands Auto Plaza ("Highlands") is a New Mexico corporation and licensed car dealer, conducting a new and used car business in Las Vegas, New Mexico. Defendant is a "dealer," as defined by 49 U.S.C. §32702(2), and a "transferor," as defined by 49 C.F.R. §580.3. Defendant is subject to the New Mexico Unfair Practices Act.

6.     Defendant Ford Motor Credit Company ("Ford") is a foreign corporation, doing business in New Mexico. Ford is the holder of the motor vehicle installment sales contract in the transaction which is the subject of this lawsuit.

7.     Defendant Western Surety Company ("Western Surety") is a foreign corporation, doing business in New Mexico. It provides the surety bond necessary to license Highlands as a car dealer, pursuant to N.M.S.A. 1978 §66-4-7 (1953).

**Facts**

8.     Highlands purchased a used 2000 Plymouth Neon car ("the car") from John Jr. Auto Sales. John Jr. Auto Sales had acquired the car from Dollar Rent a Car.

9.     Highlands affixed its signature to the title certificate to the car on December 22, 1999, and the title clearly showed that this car had been owned by a rental car company. Ms. Salmeron attaches a copy of that title certificate as Exhibit A.

10.     Several days later, Ms. Salmeron visited Highlands for the purpose of purchasing a new car.

11.     Highlands told Ms. Salmeron that she could not qualify for financing to buy a new

2

car. Upon information and belief, Highlands did not take any steps to obtain financing for Ms. Salmeron.

12. The dealer's representation about her inability to obtain new car financing was not true, because Ms. Salmeron later qualified to finance a used vehicle at a price *higher* than the Manufacturer's Suggested Retail Price for a *new* vehicle. The dealer also packed into the used car deal a service contract and credit life insurance totaling $1,623.61 additional costs, and Ms. Salmeron *still* qualified for financing.

13. Highlands steered Ms. Salmeron to the used Neon and pressured her to buy it instead. Highlands told Ms. Salmeron that the Neon had been owned by the dealership only, which had used it as a demonstrator vehicle for the dealership.

14. Ms. Salmeron refused to buy the car, because she was looking for a new car. Ms. Salmeron left the dealership.

15. Over the next few days, Highlands called Ms. Salmeron several times at work, urging her to buy the used Neon.

16. Finally, on January 5, 2000, based on Highlands' representations, Ms. Salmeron agreed to purchase the car.

17. Highlands charged Ms. Salmeron a cash sale price of $15,999.00, a price grossly in excess of the value of this car. The manufacturer's suggested retail price for a *new* 2000 Neon was $14,220.00, and this vehicle already had 10,694 miles on it. Highlands' actions were unconscionable.

18. Ms. Salmeron traded in a vehicle, for which Highlands gave her a credit of $1,000.00. Highlands financed the remainder of the balance, which Ms. Salmeron agreed to pay in monthly installments. Ms. Salmeron attaches a copy of the retail installment contract as

Exhibit B.

19. Highlands failed to show Ms. Salmeron the title certificate or to obtain her signature on that title, in connection with the sale, as required by the Federal Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32705, and its regulations, 49 C.F.R. §580.5.

20. Highlands deliberately failed to show Ms. Salmeron the title certificate, to hide from her the fact that the car she was buying had been a rental car.

21. Ms. Salmeron later learned that the car had been involved in a wreck prior to her purchase of it.

22. Upon information and belief, Highlands knew about the wreck damage to the car at the time it sold the vehicle to Ms. Salmeron.

23. Highlands deliberately failed to disclose the wreck damage to Ms. Salmeron; it did not discuss the wreck orally or disclose it in writing.

24. Upon information and belief, the wreck damage was in excess of 6% of the sales price.

25. Ms. Salmeron would not have bought the car if:

    a. she had known that it had been owned by a rental car company; or

    b. if she had known that the car had been wrecked; or

    c. if she thought that she could obtain financing for a new car.

26. As a result of Highlands' actions, Ms. Salmeron suffered actual damages, including, but not limited to, paying a price grossly in excess of the fair market value of the car.

27. Shortly after the sale, Highlands assigned the retail installment contract to Defendant Ford.

28. Ms. Salmeron has made numerous payments to Ford under the contract.

29. The contract (Exhibit B) states that the holder (Ford) is liable and subject to all claims and defenses which the debtor (Ms. Salmeron) could assert against the seller, up to the amount paid by the debtor under the contract.

30. As its surety, Western Surety is liable for Highlands' fraudulent misrepresentations and omissions. Highlands was required by New Mexico law to obtain this bond, the purchase of this bond inures to the benefit of the public, and there is nothing in the language of N.M.S.A. 1978 §66-4-7 (1953) which negates the idea of joinder of Western Surety.

### First Claim for Relief:
### Federal Motor Vehicle Information and Cost Savings Act

31. Defendant Highlands violated the Federal Motor Vehicle Information and Cost Savings Act by failing to give proper disclosures in transferring the car, in violation of 49 U.S.C. §32701 *et seq.*

32. Highlands violated the Federal Motor Vehicle Information and Cost Savings Act with intent to defraud.

33. As a result of these violations, Defendants are liable to Ms. Salmeron in an amount equal to three times actual damages or $1,500.00, whichever is greater, plus attorney's fees and costs.

### Second Claim for Relief: New Mexico Unfair Practices Act

34. The foregoing transactions occurred in the regular course of Highlands' trade or commerce, and its actions are subject to the New Mexico Unfair Practices Act.

35. The foregoing actions of Highlands constitute unfair or deceptive trade practices, as well as unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, §57-12-2C and §57-12-6 N.M.S.A. 1978.

36. Highlands knowingly and willfully engaged in these unlawful trade practices.

5

37. As a result of the foregoing acts and omissions, Ms. Salmeron suffered actual damages.

38. Ms. Salmerson is entitled to recover from defendants actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

### Third Claim for Relief: Fraud or Misrepresentation

39. Highlands induced Ms. Salmerson to purchase the car by misrepresentation of material facts and omission of material facts.

40. Highlands knew such representations to be false, or it made those representations recklessly, or Highlands had no reasonable grounds for believing those representations were true. Highlands also knew that its omissions were material and important.

41. Highlands intended to deceive Ms. Salmeron and intended that she would rely upon its representations, which she did, to her detriment, suffering damages thereby.

42. Ms. Salmeron is entitled to monetary damages in an amount to be proven at trial, and punitive damages should also be awarded against defendants.

### Fourth Claim for Relief: Motor Vehicle Dealers Franchising Act

43. Defendant Highlands is a motor vehicle dealer within the meaning of the New Mexico Motor Vehicle Dealers Franchising Act, § 57-16-1 et seq. N.M.S.A. 1978.

44. The foregoing actions of Highlands willfully defrauded Ms. Salmeron, within the meaning of the Act.

45. Highlands sold the car to Ms. Salmeron while misrepresenting the history and condition of the car.

46. Highlands acted maliciously in this matter.

47. Ms. Salmeron is entitled to recover from defendants actual damages, costs,

6

reasonable attorney's fees, and punitive damages not to exceed three times the actual damages.

## Jury Demand

48. Ms. Salmeron hereby demands trial by six-person jury on all issues so triable.

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Award statutory or treble actual damages for violation of the Federal Motor Vehicle Information and Cost Savings Act;

B. Award actual or statutory damages, trebled, for violation of the New Mexico Unfair Practices Act;

C. Award actual damages and punitive damages in an amount to be proven at trial for fraud or misrepresentation;

D. Award actual damages and punitive damages not to exceed three times the amount of actual damages for violation of the New Mexico Motor Vehicle Dealers Franchising Act;

E. Award reasonable attorney's fees and costs;

F. Grant such other relief as it deems just and proper.

Respectfully submitted,

LAW OFFICES OF RICHARD N. FEFERMAN

_____
SUSAN WARREN
Attorneys for Plaintiff
300 Central Ave., SW, Suite 2000 East
Albuquerque, NM 87102
(505) 243-7773
(505) 243-6663

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.