IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANGELINA SALMERON,

        Plaintiff,

 vs.                                            CIVIL NO. 01-432 MCA/LFG

HIGHLAND FORD SALES,
INC. et al.,

        Defendants.

# MEMORANDUM OPINION AND ORDER
# GRANTING PLAINTIFF'S MOTION TO COMPEL

THIS MATTER is before the Court on Plaintiff's Motion to Compel [Doc. 38]. Since service of the motion, the parties have resolved all but one discovery dispute. The remaining dispute concerns Request for Production No. 8. In this document request, Plaintiff seeks:

> All documents on all persons to whom you sold a vehicle from October 1, 1999 to March 31, 2000 where 1) the car was previously owned by a rental car company and 2) where the car had previously suffered wreck damage, and all documents regarding your purchase of these vehicles.

Defendant objected to the production, arguing that locating and identifying these documents from voluminous records would be burdensome, oppressive and not relevant to the issues of the case.

Plaintiff claims that Defendant defrauded her by failing to disclose that the car she purchased was formerly a rental vehicle that had been wrecked. She argues that evidence of conduct in similar transactions, that is, sales of wrecked or rental vehicles without prior

disclosure to other customers, would be admissible in a case of fraud to show intent, knowledge, absence of mistake, motive or plan. Edgar v. Fred Jones Lincoln- Mercury of Okla. City, Inc., 524 F.2d 162 (10th Cir. 1975). Plaintiff contends that evidence of similar wrongful conduct may be admitted into evidence because it is highly probative of intent to defraud. Turley v. State Farm Mut. Auto. Ins. Co., 944 F.2d 669, 673 (10th Cir. 1991).

Plaintiff requests all documents routed to similar transactions for a six-month period of time, and further limits her request to customers who were sold a previously wrecked vehicle or a vehicle owned by a rental car company.

Defendant argues that it sells approximately twenty used cars per month, and, thus, it would need to review voluminous documents relating to approximately 120 separate transactions. Moreover, Defendant argues that the request for documents is far too broad. For example, Plaintiff did not ask for documents relating to any other customers making similar claims or demands. Defendant argues that there have been no similar claims in the last four years, and, if it is required to produce full documentation on all prior sales, it will needlessly subject its prior customers to invasion of their privacy rights and credit information. Defendant also argues that simply having Plaintiff's counsel call its former customers to investigate, or troll for new clients, leaves an air of suspicion and would irreparably damage Defendant's business.

Plaintiff is entitled to discover evidence necessary to prosecute her claim, but defense arguments are also persuasive. Therefore, the Court determines that a mid-course is appropriate. Evidence that Defendant may have sold rental vehicles or wrecked vehicles

without disclosure is relevant and not privileged. However, the Court is sensitive to the damage that could be occasioned to Defendant's business should Plaintiff's attorneys contact Defendant's former customers. Therefore, the Court will require Defendant to do the following:

1. For the six-month period in question, Defendant will produce redacted documents demonstrating if any used car sold was previously owned by a rental car company. In Plaintiff's reply, she argues that Defendant need inspect only its copy of the title certificate received in order to determine whether the vehicle was previously owned by a rental car company.[1] Thus, that will be the only document which need be inspected to determine prior ownership by a rental car company. To the extent that any documents fall within that category, Defendant may redact the name, address and telephone number of the buyer and may substitute an alpha or numeric identifier for the buyer.

2. Defendant shall also disclose, for the same relevant period, if its inspection reports on used vehicles it sold, demonstrate prior wreck damage. If there is prior wreck damage for used vehicles sold, then, a redacted copy of the sale document relating to that wrecked vehicle shall be provided to Plaintiff.

If documents responsive to this request are produced, and Plaintiff can subsequently

---

[1] This may not provide Plaintiff with all the information she seeks. For example, if a customer purchased a vehicle from one of the many car rental agencies and, sometime later, used that vehicle as a trade-in on a purchase from Defendant, an inspection of the dealer's title would not show the prior ownership of the vehicle by the rental car agency. Rather, it would show only the identity of the person from whom Defendant obtained the car. However, as Plaintiff argues that it would not be burdensome for Defendant to make this determination by only inspecting one document, that's all the Court will require of Defendant.

3

demonstrate good cause for additional production of information, including name and address of purchaser, the Court will consider whether further information is appropriate.

Defendant is afforded twenty days within which to make these disclosures.

_____
Lorenzo F. Garcia
United States Magistrate Judge