# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

ANGELINA SALMERON,

    Plaintiff,

vs.                                                                                                           Civ. No. 01-432 MV/LFG

HIGHLANDS FORD SALES, INC. d/b/a
HIGHLANDS AUTO PLAZA:
WESTERN SURETY COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Highlands Ford Sales's Motion to Dismiss, filed December 3, 2001 **[Doc. No. 43]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Defendant's motion is not well-taken and will be **DENIED.**

### BACKGROUND

On or about December 22, 1999, Defendant Highlands Ford Sales, Inc., d/b/a Highlands Auto Plaza ("Highlands Ford"), purchased a 2000 Plymouth Neon car (the "Car") from John Jr. Auto Sales, who previously had acquired the Car from Dollar Rent A Car. An agent of Highlands Ford signed the back of the Texas title certificate to the Car ("Title") on or about December 22, 1999, thereby reassigning the Car to Highlands Ford as purchaser. Thereafter, on or about January 5, 2000, Plaintiff Angelina Salmeron purchased the Car from Highlands Ford for a sale price of $15,999. Ms. Salmeron alleges that Highlands Ford did not disclose to her the fact that

the Car had been owned previously by a rental car company, but rather represented to her that the Car had been owned only by the dealership, and that the dealership had used it as a demonstrator vehicle.

Highlands Ford did not provide, or even show, Ms. Salmeron the Title to the Car, and did not obtain her signature on the Title. Rather, on the date of the sale, Highlands Ford provided Ms. Salmeron a Buyer's Order and Resale Installment Contract (the "Contract"), which included power of attorney language. Ms. Salmeron signed the Contract, thereby naming Highlands Ford as her agent to complete all additional instruments necessary to complete the transaction in accordance with the terms of the Contract. In addition, an agent of Highlands Ford signed and had Ms. Salmeron sign a State of New Mexico form entitled "Application for Vehicle Title and Registration" (the "Application") and a document entitled "Odometer Disclosure Statement," both of which disclosed the odometer mileage on the Car.

On or about April 18, 2001, Ms. Salmeron filed her Complaint **[Doc. No. 1]** in the instant action. The Complaint alleges that, by failing to provide Ms. Salmeron with or obtain Ms. Salmeron's signature on the Title, Highlands Ford violated the Federal Motor Vehicle Information and Cost Savings Act (the "Act"), 49 U.S.C. §32705, and its regulations, 49 C.F.R. §580.5. Further, the Complaint alleges that Highlands Ford deliberately failed to disclose the Title to Ms. Salmeron in order to hide from her the fact that the Car had been a rental car, and thus violated the Act with intent to defraud. As a result of Highlands Ford's alleged violation of the Act with intent to defraud, the Complaint seeks damages from Highlands Ford in an amount equal to the greater of (1) three times the actual damages which Ms. Salmeron suffered, or (2) $1,500, plus attorney's fees and costs pursuant to 49 U.S.C. §32710(a).

On or about December 4, 2001, Highlands Ford filed a Motion to Dismiss **[Doc. No. 43]**, contending that the Complaint does not state facts sufficient to support a claim under the Act or its regulations. In support of its motion, Highlands Ford argues that the allegation that Highlands Ford violated the Act by failing to have Ms. Salmeron sign the Title is insufficient to state a claim under the Act. Further, Highlands Ford contends that, because it provided Ms. Salmeron with two disclosures of the actual mileage of the Car, Ms. Salmeron cannot establish the requisite intent to defraud.

**STANDARD**

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief. *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989). In considering a Rule 12(b)(6) motion, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff. *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, *City of Ponca City v. Housing Auth. of the Kaw Tribe*, 504 U.S. 912 (1992). The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" *Cayman Exploration Corp. v.*

*United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986)).

**DISCUSSION**

The Act provides that the cumulative mileage registered on the odometer of a motor vehicle must be disclosed in connection with the transfer of ownership of such a vehicle, and that such disclosure must be provided in a way that meets the regulations prescribed by the Secretary of Transportation. *See* 49 U.S.C. §32705(a)(1). The relevant regulations provide that, in connection with the transfer of ownership of a motor vehicle, "each transferor shall disclose the mileage to the transferee in writing on the title." 49 C.F.R. §580.5(c). The regulations make clear that, "[i]n the case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on the title, and not on a reassignment document." *Id.* Pursuant to the regulations, written disclosure of the vehicle's mileage may be provided in a document separate from the title only "[i]f the vehicle has not been titled or if the title does not contain a space for the information required." 49 C.F.R. §580.5(g). The regulations limit the use of a power of attorney for the purpose of mileage disclosure to those situations where "the transferor's title is physically held by a lienholder" or "the transferor to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title on behalf of the transferor." 49 C.F.R. §580.13(a). Such a power of attorney must be "on a form issued by the State to the transferee that is set forth by means of a secure printing process or other secure process . . ." *Id.*

In the instant case, Highlands Ford did not disclose the Car's mileage to Ms. Salmeron on the Title, but rather on two separate documents, namely the Application and the Odometer

Disclosure Statement. Highlands Ford argues that its disclosure of the accurate mileage on the Car in these separate documents was sufficient to comply with the Act and its regulations. Accordingly, Highlands Ford contends, Ms. Salmeron's allegation that the odometer information was not disclosed on the Title is insufficient to state a claim for relief under the Act.

This Court does not agree that Highlands Ford met its disclosure obligations. The regulations allow for disclosure of mileage information in a document other than the title only where the vehicle has not been titled or the title does not contain a space for such information. Neither of these circumstances is present here, and, indeed, Highlands Ford does not allege as much.

Rather, Highlands Ford argues that it was exempt from the standard disclosure obligations because the Car was not "titled" in the name of the transferor. This argument is unavailing. As alleged in the Complaint and evidenced on the back of the Title, a copy of which is attached to Ms. Salmeron's opposition papers as Exhibit A, the Car had been re-assigned to Highlands Ford on December 22, 1999. In signing the back of the Title rather than having a new title issued in its name, Highlands Ford was following standard industry practice. Under Highlands Ford's theory that the Car was not "titled" in its name, dealerships who follow this practice would never be required to comply with the requirement that transferors make odometer disclosures to transferees on the title itself. This theory would turn the Act on its head. The fact that the Car had been reassigned to Highlands Ford prior to the sale to Ms. Salmeron thus is sufficient to establish that the Car was titled in the name of the transferor for purposes of the statutory odometer disclosure requirements.

Even if Highlands Ford were correct that it was not the titleholder of the Car at the time of the sale, its contention that it was not required to make the mileage disclosure on the title is an improper reading of the Act's regulations. Highlands Ford claims that, if a vehicle is not titled in the name of the transferor, the mileage disclosure may be made on the document being used to reassign title. Contrary to this contention, as discussed above, the regulations allow for disclosure on a document other than the title only where the vehicle has not been titled or the title does not contain a space for such information. There are no allegations that the Car was not in fact titled or that the Title did contain a space for disclosure information. Thus, Highlands Ford would not have been exempt from disclosing the mileage information on the title, even if it were not the transferor.

Similarly misplaced is Highlands Ford's reliance on the fact that Ms. Salmeron, in the Contract, named it as her attorney-in-fact to complete the transfer of the Title without her signature on the Title itself. As set forth above, the regulations specifically provide that a power of attorney can be used only where the transferor's title is physically held by a lienholder or the transferor to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title on behalf of the transferor. Moreover, even in those limited circumstances, such a power of attorney must be on a form issued by the State to the transferee that is set forth by means of a secure printing process or other secure process. Neither the required circumstances nor the required forms were in existence here.

Highlands Ford further contends that the intent of the Act is to prohibit odometer tampering and to protect purchasers in the event that an odometer reading has been altered or reset for purposes of sale. Accordingly, Highlands Ford insists, the fact that Ms. Salmeron does

not allege odometer tampering or failure to disclose an accurate odometer reading renders her allegations insufficient to state a claim for relief under the Act. This very argument was considered and rejected by the court in *Yazzie v. Amigo Chevrolet, Inc.*, 189 F. Supp.2d 1245 (D. N.M. 2001).

In *Yazzie*, the defendant car dealership had acquired a truck from a Gallup resident named Earl Shurley on September 8, 1997. Mr. Shurley had originally purchased the truck from the defendant. Mr. Shurley provided the defendant with a signed valid certificate of title with completed odometer information when it sold the truck back to the defendant. On September 27, 1997, the defendant sold the truck to the plaintiffs. The defendant did not tell the plaintiffs either that it held a title certificate signed by a Gallup resident or that the truck originally had been purchased from the defendant in Gallup. As in the instant case, the defendant did not provide the title certificate to the plaintiffs, but rather instructed them to sign a power of attorney form which would allow the defendant to transfer the truck to the plaintiffs without a certificate of title and to obtain a new title certificate from the State of New Mexico. The plaintiffs brought an action against the defendant under the Act, alleging that the defendant had intentionally withheld the certificate of title in order to conceal from the plaintiffs the fact that the truck had been driven locally on the rough roads of the Navajo reservation. The defendant argued that it could not have violated the Act simply by failing to comply with the prescribed method for disclosure set forth therein, as the Act was intended to prohibit odometer tampering. The court disagreed with the defendant, finding that, although the Act was intended to prohibit odometer tampering,

> the Act's regulations specifically require that a certificate of title signed by the transferor be the primary means of providing odometer information to a transferee and definitely restrict how a dealer in motor vehicles is to convey odometer

> information. . . . By reason of these regulations, a dealer is not in compliance with
> the Act if substituting its own procedures, and Department of Transportation
> regulations do not allow withholding a signed and valid title which includes an
> odometer statement and replacing it with a power of attorney at the option of a
> dealer. . . . [U]se of the title certificate and not whatever document or process
> Defendant may select is a mandatory course of compliance; and supplying a
> purchaser or transferee of a motor vehicle with *any* kind of a written statement of
> an odometer's reading, regardless of its accuracy, does not constitute compliance.

*Id.* at 1247-48 (citations omitted) (emphasis in original). Thus, under *Yazzie*, accurate disclosure is insufficient to establish compliance with the Act. If proven, Ms. Salmeron's allegations that Highlands Ford failed to comply with the statutory disclosure procedures would be sufficient to establish a violation of the Act.

In an action brought under the Act, liability attaches only where the transferor violates a provision of the Act or one of its regulations "with intent to defraud." 49 U.S.C. §32710. The Tenth Circuit has held that, in order to establish an intent to defraud, plaintiff must show that the transferor "at least acted with reckless disregard." *Suiter v. Mitchell Motor Coach Sales, Inc., et al.*, 151 F.3d 1275, 1284 (10th Cir. 1998); *see also Haynes v. Manning*, 917 F.2d 450, 453 (10th Cir. 1990).

In *Yazzie*, the court found that the plaintiffs had established an intent to defraud where the defendant "sought to conceal from the Plaintiffs not the number of miles the truck had been driven, but the location of the miles driven and the verification of the odometer's reading by [the defendant's] transferor. Despite the eventual transfer of accurate odometer mileage to the Plaintiffs, this is enough to constitute an intent to defraud . . ." *Yazzie*, 189 F. Supp.2d at 1248. The court further found,

> in this instance, Defendant did not care what the law required and intentionally
> manipulated title procedures both to mislead Plaintiffs and to serve its own ends.

> As an experienced motor vehicle dealer, [the defendant] knew or should have known of the [] Act and its regulatory requirements with regard to disclosure . . . of odometer information. Nevertheless, [the defendant] withheld a signed and valid certificate of title from purchasers of a motor vehicle . . . . In so doing, [the defendant] actually deceived.

*Id.* at 1248. Accordingly, the court held that the defendant had violated the Act with an intent to defraud, and therefore granted summary judgment in favor of the plaintiffs.

As the *Yazzie* decision makes clear, the fact that the actual mileage of a vehicle has been disclosed is not determinative of whether the transferor acted with an intent to defraud. Rather, the relevant issue is whether the transferor "knew or should have known the law and recklessly disregarded what the law required." *Id.* Herein, Ms. Salmeron has alleged that Highlands Ford withheld the Title from her in a deliberate attempt to hide the history of the Car, specifically the fact that the Car had been owned by Dollar Rent A Car and used by that owner as a daily rental car. As the plaintiffs in *Yazzie* likely would not have purchased the truck from the defendant if they had known that it had been used on rough, local roads, Ms. Salmeron alleges that she would not have purchased the Car if she had known that it had been owned by a rental car company. Ms. Salmeron's allegations, if proven, would be sufficient to establish Highlands Ford's intent to defraud, and thus are sufficient to state a claim upon which relief can be granted under the Act.

## CONCLUSION

Ms. Salmeron has alleged facts, which, if proven, will establish that Highlands Ford violated certain provisions of the Act and its regulations. Further, Ms. Salmeron's allegations, if proven, will be sufficient to establish that Highlands Ford acted with intent to defraud. Accordingly, Highlands Ford's motion to dismiss must be denied.

**IT IS THEREFORE ORDERED** that Defendant Highlands Ford's Motion to Dismiss **[Doc. No. 43]** is **DENIED**.

**DATED** this 26th day of September, 2002.

_____
MARTHA VAZQUEZ
U. S. DISTRICT COURT JUDGE

Attorney for Plaintiff:
Susan Warren, Esq.
Law Offices of Richard N. Feferman

Attorney for Defendant:
Martin R. Esquivel, Esq.
Dines, Gross & Esquivel, P.C.