## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANGELINA SALMERON,

      Plaintiff,

vs.                                                                        Civ. No. 01-432 MV/LFG

HIGHLANDS FORD SALES, INC. d/b/a
HIGHLANDS AUTO PLAZA;
WESTERN SURETY COMPANY,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Highlands Ford Sales's ("Highlands Ford") Motion for Reconsideration, filed October 10, 2002 **[Doc. No. 104]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Highlands Ford's motion is not well-taken and will be **DENIED.**

### BACKGROUND

On April 18, 2001, Ms. Salmeron commenced the instant action by filing a Complaint **[Doc. No. 1]** which alleges that Highlands Ford violated, with intent to defraud, the Federal Motor Vehicle Information and Cost Savings Act (the "Act"), 49 U.S.C. §32705, and its regulations, 49 C.F.R. §580.5. Thereafter, on December 4, 2001, Highlands Ford filed a Motion to Dismiss **[Doc. No. 43]**, contending that the Complaint does not state facts sufficient to support a claim under the Act or its regulations. On September 26, 2002, this Court entered a Memorandum Opinion and Order **[Doc. No. 102]** denying Highlands Ford's Motion ("Prior Memorandum Opinion"), finding that Ms. Salmeron has alleged facts, which, if proven, will establish that Highlands Ford violated certain provisions of the Act and its regulations, and that Highlands Ford acted with intent to defraud.

Subsequently, on October 10, 2002, Highlands Ford filed the instant Motion for Reconsideration [**Doc. No. 104**], contending that the Prior Memorandum Opinion contains obvious errors of fact and law.

## <u>STANDARD</u>

The Federal Rules of Civil Procedure do not recognize a motion to reconsider.  Therefore, the Court must construe such a motion in one of two ways.  *See Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995).  If the motion is filed within ten days of the district court's entry of judgment, it is treated as a Rule 59(e) motion to alter or amend the judgment.  *See Id.*  When it is filed more than ten days after entry of judgment, it is treated as a Rule 60(b) motion for relief from judgment.  *See Id.*  The Prior Memorandum Opinion was entered on September 26, 2002.  Highlands Ford's motion papers were filed on October 10, 2002, more than ten days after entry of judgment.  Therefore, to the extent that Highlands Ford's motion seeks reconsideration of the Prior Memorandum Opinion, the Court will construe it as a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

District courts have "substantial discretion in connection with a Rule 60(b) motion."  *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1146 (10th Cir. 1990).  Such relief, however, is "extraordinary and may only be granted in exceptional circumstances."  *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000) (citations omitted).  The following are grounds that warrant a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Id.* at 1012.  Accordingly, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id.*  Absent extraordinary circumstances, "revisiting the issues

already addressed 'is not the purpose of a motion to reconsider'" filed under Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992). Similarly, it is inappropriate to "advance arguments that could have been raised in prior briefing." *Servants of the Paraclete*, 204 F.3d at 1012.

## DISCUSSION

On December 22, 1999, Highlands Ford purchased a 2000 Plymouth Neon car (the "Car") from John Jr. Auto Sales, who previously had acquired the Car from Dollar Rent A Car. An agent of Highlands Ford signed the back of the Texas title certificate to the Car (the "Title") on or about December 22, 1999, thereby reassigning the Car to Highlands Ford as purchaser. Thereafter, on or about January 5, 2000, Ms. Salmeron purchased the Car from Highlands Ford for a sale price of $15,999. Highlands Ford did not provide, or even show, Ms. Salmeron the Title to the Car, and did not obtain her signature on the Title. Rather, on the date of the sale, Highlands Ford provided Ms. Salmeron a Buyer's Order and Resale Installment Contract (the "Contract"), which included power of attorney language. Ms. Salmeron signed the Contract, thereby naming Highlands Ford as her agent to complete all additional instruments necessary to complete the transaction in accordance with the terms of the Contract. In addition, an agent of Highlands Ford signed and had Ms. Salmeron sign a State of New Mexico form entitled "Application for Vehicle Title and Registration" (the "Application") and a document entitled "Odometer Disclosure Statement," both of which disclosed the odometer mileage on the Car.

The Act provides that the cumulative mileage registered on the odometer of a motor vehicle must be disclosed in connection with the transfer of ownership of such a vehicle, and that such disclosure must be provided in a way that meets the regulations prescribed by the Secretary of

Transportation.  *See* 49 U.S.C. §32705(a)(1).  The relevant regulations provide that, in connection

with the transfer of ownership of a motor vehicle, "each transferor shall disclose the mileage to the

transferee in writing on the title."  49 C.F.R. §580.5(c).  The regulations make clear that, "[i]n the

case of a transferor in whose name the vehicle is titled, the transferor shall disclose the mileage on

the title, and not on a reassignment document."  *Id.*  Pursuant to the regulations, written disclosure

of the vehicle's mileage may be provided in a document separate from the title only  "[i]f the vehicle

has not been titled or if the title does not contain a space for the information required."  49 C.F.R.

§580.5(g).  The regulations limit the use of a power of attorney for the purpose of mileage disclosure

to those situations where "the transferor's title is physically held by a lienholder" or "the transferor

to whom the title was issued by the State has lost his title and the transferee obtains a duplicate title

on behalf of the transferor."  49 C.F.R. §580.13(a).  Such a power of attorney must be "on a form

issued by the State to the transferee that is set forth by means of a secure printing process or other

secure process . . ." *Id.*

        In the Prior Memorandum Opinion, the Court rejected Highlands Ford's argument that the

Complaint should be dismissed because Highlands Ford had met the disclosure obligations set forth

in the Act and its regulations by disclosing the accurate mileage on the Car in two separate

documents, namely the Application and the Odometer Disclosure Statement.  The Court explained

that the regulations allow for disclosure of mileage information in a document other than the title

itself only where the vehicle has not been titled or the title does not contain a space for such

information, and that neither of these circumstances was present here.  Since there were no

allegations before the Court that the Car was not in fact titled or that the Title did contain a space for

disclosure information, the Court held that Highlands Ford would not have been exempt from disclosing the mileage information on the title, even if it were not the transferor.

Further, the Court rejected Highlands Ford's argument that it was exempt from the standard disclosure obligations because the Car was not "titled" in the name of the transferor.  The Court explained that, as alleged in the Complaint and evidenced on the back of the Title, the Car had been re-assigned to Highlands Ford on December 22, 1999.  In signing the back of the Title rather than having a new title issued in its name, the Court found that Highlands Ford was following standard industry practice.  The Court found that, under Highlands Ford's theory that the Car was not "titled" in its name, dealerships who follow this practice would never be required to comply with the requirement that transferors make odometer disclosures to transferees on the title itself.  This theory, the Court explained, would turn the Act on its head.  Accordingly, the Court held that the fact that the Car had been reassigned to Highlands Ford prior to the sale to Ms. Salmeron was sufficient to establish that the Car was titled in the name of the transferor for purposes of the statutory odometer disclosure requirements.

In support of the instant motion, Highlands Ford for the first time alleges that it did not possess the Title on January 5, 2000, the date of the sale of the Car from Highlands Ford to Ms. Salmeron.  Although Highlands Fords admits that it *purchased* the Car from John Jr. Auto Sales on December 22, 1999, Highlands Ford contends that it did not actually pay for the Car until January 6, 2000, and did not actually receive the Title until January 8, 2000, after it already had transferred the car to Ms. Salmeron.  Highlands Ford argues that, because it did not actually possess the Title on the date of the sale to Ms. Salmeron, it could not have provided the Title to Ms. Salmeron.  Accordingly, Highlands Ford continues, the Court erred in determining that (1) Highlands Ford did

not provide the Title when it had the opportunity to do so at the time of the transfer, and (2) Highlands Ford's use of a reassignment document to disclose the mileage of the Car did not comply with the Act.

The Court finds Highlands Ford's contentions unavailing. As an initial matter, it is improper for Highlands Ford to make new allegations that it failed to make on its Motion to Dismiss. Moreover, regardless of whether or when Highlands Ford had possession of the Title, it admittedly purchased the Car on December 22, 1999. Indeed, an agent of Highlands Ford signed the back of the Title on December 22, 1999, thereby reassigning the Car to Highlands Ford as purchaser. Whether Highlands Ford had the Title in its possession on January 5, 2000 does not change the fact that the Car had been reassigned to Highlands Ford prior to the sale to Ms. Salmeron. As the Court held in the Prior Memorandum Opinion, this fact is sufficient to establish that the Car was titled in the name of the transferor for purposes of the statutory odometer disclosure requirements. That Highlands Ford did not take any steps to secure the Title in a timely manner so as to have the opportunity to provide it to Ms. Salmeron does not exempt Highlands Ford from its responsibilities as transferor. Indeed, Highlands Ford's theory that a dealership is excused from compliance if it does not have actual possession of the title is just as contrary to the Act as its prior theory that the Car was not "titled" in its name because it signed the back of the Title rather than having a new title issued in its name.

Similarly, there is no authority to support Highlands Ford's contention that, because Highlands Ford did not acquire the Title until after it transferred the Car to Ms. Salmeron, disclosure on two documents separate from the Title was sufficient. As explained above, the regulations only allow for disclosure of mileage information in a document other then the title in two circumstances:

(1) where the vehicle has not been titled;  or (2) where the title does not contain a space for such information.  That Highlands Ford failed to secure the Title before transferring the Car to Ms. Salmeron does not change the fact that neither of these two circumstances was present here.  Whether Highlands Ford had possession of the Title at the time of the transfer is irrelevant for purposes of determining Highlands Ford's compliance with the Act.

Highlands Ford also argues that the facts of the instant case are distinguishable from those in *Yazzie v. Amigo Chevrolet, Inc.*, 189 F. Supp.2d 1245 (D.N.M. 2001), and that the Court thus erred in applying *Yazzie* to the instant case.  According to Highlands Ford, unlike the defendant in *Yazzie* who had no factual justification for providing mileage disclosure on a document other than the title, the fact that Highlands Ford did not possess the Title at the time of the transfer to Ms. Salmeron gave it a factual justification for providing disclosure on documents other than the Title.

The Court finds this argument to be unconvincing.  First, as set forth above, the allegation that Highlands Ford did not have possession of the Title at the time of the transfer to Ms. Salmeron is irrelevant for purposes of determining whether Highlands Ford complied with the Act.  As the only factual difference cited by Highlands Ford is an irrelevant one, it is insufficient to distinguish this case from *Yazzie*.

Moreover, despite any alleged factual differences between *Yazzie* and the instant case, the legal analysis set forth by the court in *Yazzie* is directly on point.  In its motion to dismiss, Highlands Ford contended that Ms. Salmeron's allegations are insufficient to state a claim for relief under the Act because she does not allege odometer tampering or failure to disclose an accurate odometer reading.  In *Yazzie*, the defendant made the very same contention.  The *Yazzie* court rejected the defendant's contention, and held that accurate disclosure is insufficient as a matter of law to establish

-7-

compliance with the act.  This Court properly relied on *Yazzie* as precedent established by a sister court in this district to hold that, if proven, Ms. Salmeron's allegations would be sufficient to establish a violation of the Act.   Whether the facts in *Yazzie* are different from those here is irrelevant to this legal determination.

## CONCLUSION

Highlands Ford has failed to establish either that the Court's denial of its motion to dismiss constituted clear error of fact or law, or that reconsideration of the Prior Memorandum Opinion is necessary in order to prevent manifest injustice.   Accordingly, Highlands Ford's Motion for Reconsideration must be denied.

**IT IS THEREFORE ORDERED** that Defendant Highlands Ford's Motion for Reconsideration **[Doc. No. 104]** is **DENIED**.

**DATED** this 6th day of March, 2003.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff:
Susan Warren, Esq.

Attorney for Defendant:
Martin R. Esquivel, Esq.

-8-