IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELINA SALMERON,

    Plaintiff,

vs.                                                                                                 Civ. No. 01-432 MV/LFG

HIGHLANDS FORD SALES, INC. d/b/a
HIGHLANDS AUTO PLAZA;
WESTERN SURETY COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Highlands Ford Sales's Partial Motion to Dismiss, filed February 14, 2002 **[Doc. No. 60]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Defendant's motion is not well-taken and will be **DENIED.**

BACKGROUND

On or about December 22, 1999, Defendant Highlands Ford Sales, Inc., d/b/a Highlands Auto Plaza ("Highlands Ford"), purchased a 2000 Plymouth Neon car (the "Car") from John Jr. Auto Sales, who previously had acquired the Car from Dollar Rent A Car. An agent of Highlands Ford signed the back of the Texas title certificate to the Car ("Title") on or about December 22, 1999, thereby reassigning the Car to Highlands Ford as purchaser.

Thereafter, Plaintiff Angelina Salmeron visited Highlands Ford in order to purchase a new car. According to Plaintiff, Highlands Ford advised her that she could not qualify for financing to purchase a new car, and instead showed her the Car. Also according to Plaintiff, Highlands Ford

advised her that the Car had been owned only by the dealership and that the dealership had used it as a demonstrator vehicle. Highlands Ford called Ms. Salmeron repeatedly over the course of the next few days, urging her to buy the Car. On January 5, 1999, Ms. Salmeron purchased the Car from Highlands Ford for a sale price of $15,999.

On April 18, 2001, Ms. Salmeron filed her Complaint **[Doc. No. 1]** in the instant action. The Complaint alleges, *inter alia*, that Highlands Ford did not disclose to her the fact that the Car had been owned previously by a rental car company, but rather made the affirmative misrepresentation that the Car had been owned only by the dealership, and that the dealership had used it as a demonstrator vehicle. The Complaint further alleges that Highlands Ford made the affirmative misrepresentation that Ms. Salmeron would not qualify for financing to purchase a new rather than a used vehicle. Based on Highlands Ford's alleged failure to disclose and affirmative misrepresentations, the Complaint includes a claim for common law fraud and claims under the New Mexico Unfair Practices Act ("UPA") and the New Mexico Motor Vehicle Dealers Franchising Act ("MVDFA").

On February 14, 2002, Highlands Ford filed a Partial Motion to Dismiss **[Doc. No. 60]**, contending that the above-described allegations do not state facts sufficient to support a claim. In support of its motion, Highlands Ford argues that these allegations are in essence allegations that Highlands Ford breached a duty to disclose the fact that the Car was formerly owned by a rental car company. Highlands Ford further argues that no such duty exists under common law or statutory law and that, accordingly, Ms. Salmeron has failed to establish a valid theory upon which relief can be granted. Ms. Salmeron filed an opposition to the motion and Highlands Ford's reply papers followed.

**STANDARD**

The Court may not dismiss a cause of action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim unless it appears beyond doubt that a plaintiff can prove no set of facts supporting his or her claim that would entitle him or her to relief.  *H.J. Inc. v. Northwestern Bell Tel. Co.,* 492 U.S. 229, 249-50 (1989).  In considering a Rule 12(b)(6) motion, the Court must assume as true all well-pleaded facts, and must draw all reasonable inferences in favor of the plaintiff.  *Housing Auth. of the Kaw Tribe v. City of Ponca City,* 952 F.2d 1183, 1187 (10th Cir. 1991), *cert. denied*, *City of Ponca City v. Housing Auth. of the Kaw Tribe*, 504 U.S. 912 (1992).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his or her claim.  *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  "[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'"  *Cayman Exploration Corp. v. United Gas Pipe Line Co.,* 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins,* 792 F.2d 975, 978 (10th Cir. 1986)).

**DISCUSSION**

Highlands Ford contends that Ms. Salmeron's allegations are in reality no more than allegations that Highlands Ford breached a general duty to disclose the ownership history of the Car.  Highlands Ford further contends that these allegations are insufficient to set forth a claim upon which relief can be granted.  Highlands Ford provides two bases for these contentions: (1) under common law, there is no duty to disclose the ownership history of a used car; and (2) the

UPA imposes no duty upon a car dealer to disclose the ownership history of a used car *unless* the buyer specifically inquires about that ownership history, which Ms. Salmeron did not do.

Ms. Salmeron argues that Highlands Ford has twisted the issues in this case in an attempt to achieve dismissal. Specifically, Ms. Salmeron explains that the Complaint neither alleges nor depends upon the existence of a general common law or statutory duty on the part of a car dealer to disclose the prior ownership history of a car. Rather, Ms. Salmeron alleges, her claims are based on Highlands Ford's affirmative misrepresentations that the Car had been owned only by the dealership, that the dealership had used it as a demonstrator vehicle and that Ms. Salmeron would not qualify for financing to purchase a new rather than a used vehicle. As set forth herein, the Court agrees with Ms. Salmeron that these allegations are sufficient to state claims for violations of the UPA and MVDFA and common law fraud.

UPA

The UPA prohibits "unfair or deceptive trade practices and unconscionable trade practices." N.M.S.A. §57-12-3. An "unfair or deceptive trade practice" is defined as:

> any false or misleading oral or written statement, visual description or other representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services . . . by any person in the regular course of his trade or commerce, which may, tends to or does deceive or mislead any person.

N.M.S.A. §57-12-2(D). The definition of unfair or deceptive trade practices "includes but is not limited to" seventeen specific practices which are enumerated in the statute. N.M.S.A. §57-12-2(D)(1) - (17). The non-exhaustive list of unfair or deceptive trade practices includes: "using exaggeration, innuendo or ambiguity as to a material fact or failing to state a material fact if doing so deceives or tends to deceive." N.M.S.A. §57-12-2(D)(14).

The UPA "constitutes remedial legislation." *State ex rel. Stratton v. Gurley Motor Co.*, 105 N.M. 803, 808, 737 P.2d 1180, 1185 (Ct. App.), *cert. denied*, 105 N.M. 781, 737 P.2d 893 (1987). Accordingly, the Court must "interpret the provisions of this Act liberally to facilitate and accomplish its purposes and intent." *Id.* As the Missouri Court of Appeals explained in its discussion of a provision of the Missouri Merchandising Practices Act virtually identical to the provision of the UPA at issue here:

> The purpose of these statutes is to supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions. In order to give broad scope to the statutory protection and to prevent ease of evasion because of overly meticulous definitions, many of these laws such as the Missouri statute "do not attempt to define deceptive practices or fraud, but merely declare unfair or deceptive acts or practices unlawful," leaving it to the court in each particular instance to declare whether fair dealing has been violated.

*State ex rel. Danforth v. Independence Dodge, Inc.*, 494 S.W.2d 362, 368 (Ct. App. 1973) (citation omitted).

In applying statutory language similar to that found in the UPA, courts in other jurisdictions have found the failure of a car dealer to disclose prior ownership history to constitute an unfair or deceptive trade practice, even in the absence of a general duty to disclose on the part of the car dealer. *See Id.* (holding that, where dealer affirmatively stated to buyer that car had only been driven by the dealer's general manager, and failed to disclose that, in fact, dealer had purchased car from used car dealer, car had been in an accident and car previously had been leased to rental car company, dealer's conduct fell within statutory prohibition against unfair or deceptive trade practices); *Miller v. William Chevrolet/GEO, Inc. et al.*, 326 Ill. App.3d 642, 762 N.E.2d 1 (App. Ct. 2001) (holding that deceptive practice requirement under the Illinois

Consumer Fraud Act was met by dealer's material misrepresentation of car's history as executive driven when in fact car had been used as rental vehicle); *Testo v. Russ Dunmire Oldsmobile, Inc.*, 16 Wash. App. 39, 554 P.2d 349 (Ct. App. 1976) (holding that dealer's act of withholding fact that car was a race car, a fact material to the sale, was a deceptive act under the Washington Consumer Protection Act).

A misrepresentation or omission "is 'material' if the plaintiff would have acted differently had he [or she] been aware of it, or if it concerned the type of information upon which he [or she] would be expected to rely when making his [or her] decision to act." *Miller*, 326 Ill. App.3d at 649-50, 762 N.E.2d at 7-8. Cases in other jurisdictions have held that misrepresentations or omissions regarding the ownership history of a car constitute material facts. *See Id.* (holding that misrepresentation of car as executive driven when car in fact had been rental car was material, as plaintiff's deposition indicated that he did not want to purchase a car previously used for rentals and that he would not have purchased the car in question had he known of its history); *Britton v. Bill Anselmi Pontiac-Buick-GMC, Inc.*, 786 P.2d 855, 860 (S. Ct. 1990) ("It is difficult to conceive of a situation in which the history of a vehicle would not be material to a prospective purchaser.")

In the instant case, Ms. Salmeron alleges that Highlands Ford affirmatively misrepresented to her that the Car was a demonstrator, and failed to disclose to her that the Car had been used as a rental car and had been involved in an accident. At her deposition, Ms. Salmeron testified that she would not have bought the Car if she had known that it was a rental car rather than a demonstrator and that she was upset and complained to Highlands Ford when she learned that the Car was previously a rental car that had been involved in an accident. Accordingly, Highlands

Ford's alleged misrepresentations and omissions are material. Given the actual language of the UPA, the directive that the UPA be interpreted liberally and the case law on this issue, the Court finds that Ms. Salmeron adequately has stated a claim under the UPA.[1]

MVDFA

The MVDFA provides that it is unlawful for a car dealer to "willfully defraud any retail buyer to the buyer's damage." N.M.S.A. §57-16-4(C). For purposes of this provision, "fraud" includes: "(1) a misrepresentation in any manner, whether intentionally false or due to gross negligence, of a material fact; (2) a promise or representation not made honestly and in good faith; and (3) an intentional failure to disclose a material fact." N.M.S.A. §57-16-3(I).

As described above, Ms. Salmeron alleges herein that Highlands Ford affirmatively misrepresented to her that the Car was a demonstrator, and failed to disclose to her that the Car had been used as a rental car and had been involved in an accident. For the reasons set forth above, Highlands Ford's alleged misrepresentations and omissions are material. Given the clear statutory language, the Court finds that Ms. Salmeron adequately has stated a claim under the MVDFA.

Common Law Fraud

Actionable fraud is established where one party makes "[a] misrepresentation of fact, known by the maker to be untrue . . . with the intent to deceive the [other] party . . . and to induce that other party to act . . . [and] the other party does act upon the misrepresentation to its

---

[1] The Court is not persuaded that Ms. Salmeron's claims are somehow vitiated by the fact that she did not specifically inquire whether the Car had been used as a rental car, as Highlands Ford effectively prevented such an inquiry by its representation that the Car was a demonstrator, driven only by the dealership.

detriment." *Otero v. Jordan Restaurant Enterprises*, 122 N.M. 187, 192, 922 P.2d 569, 574 (S. Ct. 1996). In addition, "[a]ctionable fraud is found if a party to a transaction knows of material facts, has a duty to disclose, and remains silent." *Krupiak v. Payton*, 90 N.M. 252, 253, 561 P.2d 1345, 1346 (S. Ct. 1977). There is a duty to disclose if a party has "knowledge that the other party to a contemplated transaction is acting under a mistaken belief" or if a party "has superior knowledge that is not within the reach of the other party or could not have been discovered by the exercise of reasonable diligence." *Id.* Moreover, "[t]o reveal some information on a subject triggers the duty to reveal all known material facts." *Wirth v. Commercial Resources, Inc.*, 96 N.M. 340, 345, 630 P.2d 292, 297 (Ct. App.), *cert. denied*, 96 N.M. 543, 632 P.2d 1181 (1981).

As explained above, Ms. Salmeron alleges that Highlands Ford affirmatively misrepresented to her that the Car was a demonstrator, driven only by the dealership, when in fact Highlands Ford knew that the Car has been used as a daily rental vehicle. Ms. Salmeron further alleges that, to her detriment, she relied upon Highlands Ford's alleged misrepresentations in deciding to purchase the Car, a decision which she would not have made had she been aware of the actual history of the Car. The Court finds that these allegations are sufficient to state a claim for common law fraud by affirmative misrepresentation of material facts.

In addition, as explained above, Ms. Salmeron alleges that Highlands Ford failed to disclose to her that the Car had been used as a rental car and had been involved in an accident. If Ms. Salmeron's allegations are true, Highlands Ford had a duty to disclose, as Highlands Ford had superior knowledge about the ownership history of the Car, and revealed some but not all information in its possession about the ownership history of the Car. Accordingly, the Court finds that Ms. Salmeron has stated a claim for common law fraud by failure to disclose material facts.

## CONCLUSION

Ms. Salmeron has alleged facts which, if proven, will establish that Highlands Ford violated certain provisions of the UPA and the MVDA and committed common law fraud, both by affirmative misrepresentation and failure to disclose. Accordingly, Highlands Ford's partial motion to dismiss must be denied.

**IT IS THEREFORE ORDERED** that Defendant Highlands Ford's Partial Motion to Dismiss **[Doc. No. 60]** is **DENIED**.

**DATED** this 10th day of July, 2003.

_____
MARTHA VÁZQUEZ
U. S. DISTRICT JUDGE

Attorney for Plaintiff:
Susan Warren, Esq.

Attorney for Defendant:
Martin R. Esquivel, Esq.