IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANGELINA SALMERON,

    Plaintiff,

vs.                                                                                                                             Civ. No. 01-432 MV/LFG

HIGHLANDS FORD SALES, INC. d/b/a
HIGHLANDS AUTO PLAZA;
WESTERN SURETY COMPANY,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Objections to Discovery Order [Docket No. 64, Filed March 6], filed March 20, 2002 **[Doc. No. 66]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Plaintiff's Objections are well-taken and Plaintiff's Renewed Motion to Compel, filed January 31, 2002 **[Doc. 53]** will be **GRANTED.**

## BACKGROUND

On or about January 5, 2000, Plaintiff Angelina Salmeron purchased a 2000 Plymouth Neon car (the "Car") from Defendant Highlands Ford Sales, Inc., d/b/a Highlands Auto Plaza ("Highlands Ford"). On April 18, 2001, Ms. Salmeron filed her Complaint in the instant action. The Complaint alleges, *inter alia*, that Highlands Ford did not disclose to her the fact that the Car had been owned previously by a rental car company, but rather made the affirmative misrepresentation that the Car had been owned only by the dealership, and that the dealership had used it as a demonstrator vehicle. The Complaint further alleges that Highlands Ford made the affirmative misrepresentation that Ms. Salmeron would not qualify for financing to purchase a new rather than a used vehicle. The

Complaint includes a claim for common law fraud and claims under the New Mexico Unfair Practices Act ("UPA") and the New Mexico Motor Vehicle Dealers Franchising Act ("MVDFA"). The Complaint also alleges that, by failing to provide Ms. Salmeron with or obtain Ms. Salmeron's signature on the title to the Car, Highlands Ford violated the Federal Motor Vehicle Information and Cost Savings Act (the "Act"), 49 U.S.C. §32705, and its regulations, 49 C.F.R. §580.5. Finally, the Complaint alleges that Highlands Ford deliberately failed to disclose the title to the Car to Ms. Salmeron in order to hide from her the fact that the Car had been a rental car, thus violating the Act with intent to defraud.

On August 1, 2001, Ms. Salmeron served Highlands Ford with a request for the production of all documents concerning used car sales by Highlands Ford for a six-month period, where the car previously had been owned by a rental car company and previously suffered wreck damage. Highlands Ford objected to this request on the ground that it was burdensome and oppressive and would not lead to relevant evidence. On December 11, 2001, Ms. Salmeron filed a Motion to Compel production of these documents.

In a Memorandum Opinion and Order filed December 11, 2001 ("December 11, 2001 Order"), United States Magistrate Judge Lorenzo F. Garcia granted the Motion to Compel to the extent that Highlands Ford had to produce redacted title certificates demonstrating whether any used car sold during the requested time period was previously owned by a rental car company. Highlands Ford also was required to disclose, for the same time period, all inspection reports on used vehicles demonstrating prior wreck damage. Because the Court was sensitive to the damage that might be occasioned to Highlands Ford's business with these disclosures and/or by contact of the customers by Ms. Salmeron's counsel, the Court permitted Highlands Ford to redact the name, address and

telephone number of the customer on any responsive documents to be produced. The Court left open the possibility that additional customer contact information might be disclosed to Ms. Salmeron if she could demonstrate good cause for that information.

In accordance with the December 11, 2001 Order, Highlands Ford produced redacted documents showing that it had sold thirty-five used vehicles in a six month period that previously had been owned by rental car companies. Disclosures by Highlands Ford also revealed that nearly thirty percent of Highlands Ford's used car inventory was from rental car companies. Based on Highlands Ford's document production, on January 31, 2002, Ms. Salmeron filed a Renewed Motion to Compel seeking unredacted customer contact information regarding the purchasers of the thirty-five used vehicles that were previously used as daily rental vehicles.

In a Memorandum Opinion and Order filed March 6, 2002 ("March 6, 2002 Order"), Magistrate Judge Garcia granted in part and denied in part Ms. Salmeron's Renewed Motion to Compel. The Court found that Ms. Salmeron had demonstrated that the requested discovery was relevant to her claims but that under a balancing test, her request should be limited to allow Highlands Ford to maintain the confidentiality of the address and telephone information of the relevant customers. The Court directed Highlands Ford to mail out a questionnaire to each of those customers, similar to the one fashioned by the Court and attached to the March 6, 2002 Order. The Court further ordered that, if the questionnaire resulted in responses indicating misrepresentations concerning the prior use, condition or history of the car, the Court would order Highlands Ford to produce the name, address and telephone number of that individual, together with unredacted sales documents concerning that individual's purchase. Finally, the Court ordered Highlands Ford to file

a written stipulation containing its earlier representations regarding its general practice of not disclosing a used vehicle's prior rental history unless requested from the buyer.

On March 20, 2002, Ms. Salmeron filed the instant Objections, seeking review of the March 6, 2002 Order pursuant to Rule 72 of the Federal Rules of Civil Procedure. Ms. Salmeron asks this Court to set aside the March 6, 2002 Order and grant in full her Renewed Motion to Compel. Highlands Ford filed a response on April 3, 2002. Ms. Salmeron filed a reply brief on April 8, 2002 and a supplemental reply brief on April 16, 2002.

## STANDARD

Under Rule 72(a) of the Federal Rules of Civil Procedure, "[t]he district judge to whom the case is assigned shall consider . . . objections [to the magistrate judge's order regarding non-dispositive pretrial matters] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). A finding of fact "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). The court must examine the magistrate judge's opinion to determine whether it is clearly erroneous. *See Smith v. Pfizer*, No. Civ. A. 98-4156-CM, 2000 WL 1679483, *2 (D. Kan. Oct. 26, 2000).

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure, which generally governs discovery, provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party" so long as the information sought is admissible or "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Even if a

matter is relevant and not privileged, the court has the discretion to limit its discovery if production would be "unduly burdensome, or if the 'harm to the person from whom discovery is sought outweighs the need of the person seeking discovery.'" *Smith*, 2000 WL 1679483 at *2 (citation omitted). In determining the scope of discovery, the court "must weigh the factors . . . so as not to 'deprive a party of the fair opportunity to develop and prepare a case.'" *Id.* (citation omitted). The party opposing discovery carries the burden of showing "that the potential harm from discovery outweighs the relevance of the document sought." *Id.* Thus, "once the court determines the materials sought are relevant, the defendant must show that the harm outweighs the relevance of the discovery sought." *Id.* at *3.

In the instant case, Magistrate Judge Garcia found that the information which Ms. Salmeron sought to be discovered was relevant. Nevertheless, Magistrate Judge Garcia found that Ms. Salmeron's need for this information was outweighed by the possible harm that might result to Highlands Ford in the event of disclosure. In making this determination, Magistrate Judge Garcia weighed the following factors: (1) Highlands Ford is located in a small community; (2) dealerships tend to entertain a significant amount of customer loyalty and repeat business that could be damaged by the proposed contacts; (3) Highlands apparently has not had any similar complaints from its customers regarding the sale of vehicles that were used as rental cars; (4) Ms. Salmeron apparently has never alleged that the vehicle she purchased was defective in some way because of its prior use as a rental vehicle; (5) it is unclear whether the value of Ms. Salmeron's car was impaired or whether her vehicle experienced more frequent and costly maintenance because of its former rental use; (6) New Mexico has not yet imposed a specific statutory duty on dealerships requiring the affirmative disclosure of a used car's prior history; (7) Highlands Ford will provide a written stipulation

addressing part of the discovery request; (8) the nature of telephone conversations between counsel and prior customers of a business, who apparently have not made any complaints about their vehicles, presents a real possibility of harm to Highlands Ford's business reputation.

As Magistrate Judge Garcia determined, the information sought to be disclosed is highly relevant. In order to prevail on her fraud claims, Ms. Salmeron must prove by clear and convincing evidence that Highlands Ford acted intentionally. *See Varbel v. Sandia Auto Electric et al.*, 128 N.M. 7, 11, 988 P.2d 317, 321 (Ct. App.), *cert. denied*, 128 N.M. 150, 990 P.2d 824 (1999). Similarly, in order to establish a violation of the Act, Ms. Salmeron must prove that Highlands Ford acted with intent to defraud. *See Haynes v. Manning*, 917 F.2d 450, 452 (10th Cir. 1990). With regard to her claims for treble damages under the UPA and punitive damages under the MVDFA, Ms. Salmeron must prove that Highlands Ford acted willfully and maliciously, respectively. *See McLelland v. United Wisconsin Life Ins. Co.*, 127 N.M. 303, 306-07, 980 P.2d 86, 89-90 (Ct. App.), *cert. denied*, 127 N.M. 389, 981 P.2d 1207 (1999). Moreover, with respect to punitive damages, Ms. Salmeron must produce evidence of similar misconduct to show malice. *See TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 (1993) (holding that punitive damages were not grossly excessive given, in part, fact that scheme employed was part of larger pattern of fraud, trickery and deceit); *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 577 (1996) (holding that evidence that defendant has repeatedly engaged in prohibited conduct would provide relevant support for punitive damages and that repeated misconduct is more reprehensible than an individual instance of malfeasance).

Ms. Salmeron alleges that Highlands Ford failed to disclose information to her regarding the history of the Car and made misrepresentations to her regarding that history. Highlands Ford denies

-6-

any failure to disclose or misrepresentation. Ms. Salmeron seeks to discover the identity of the other customers to whom Highlands Ford sold rental vehicles so that she may interview them to determine whether Highlands Ford failed to disclose information or made misrepresentations to these customers as she alleges Highlands Ford did with her. Evidence that Highlands Ford failed to make disclosures or made misrepresentations to other customers would enable Ms. Salmeron to establish that Highlands Ford acted intentionally and/or that Highlands Ford's actions were part of a pattern or practice rather than the result of an innocent or isolated mistake. Without evidence of similar failures to disclose or misrepresentations, it would be virtually impossible for Ms. Salmeron to meet her burden of proving intentional behavior by clear and convincing evidence or to establish a pattern or practice to support an award of punitive damages. Access to Highlands Ford's other customers is necessary in order for Ms. Salmeron to gather such evidence, if it exists.

Magistrate Judge Garcia appropriately decided to weigh Ms. Salmeron's need for access to these customers against the potential harm that the disclosure of customer identity might have on Highlands Ford. As a result of his balancing test, Magistrate Judge Garcia determined that his proposed questionnaire would adequately take into account both Ms. Salmeron's need for customer information and Highlands Ford's interest in maintaining its business reputation. The Court agrees that the proposed questionnaire was an appropriate solution to ensure that both parties' needs and interests were equally protected.

At this point, however, it has become clear that the questionnaire is no longer sufficient to provide Ms. Salmeron access to the other customers who purchased former rental vehicles from Highlands Ford. As Ms. Salmeron has informed the Court, although Defendants mailed questionnaires to thirty-five customers, only five customers filled out questionnaires and returned

them to Defendants. This low rate of return indicates that the questionnaire is no longer an adequate method of ensuring Ms. Salmeron's access to information which, as explained above, is highly relevant to her case. The questionnaire is no longer an equalizing way of balancing the parties' needs and interests. Rather, limiting discovery to the questionnaire would place Highlands Ford's interests in preventing harm to its business reputation paramount to Ms. Salmeron's need for disclosure. Given the high burdens of proof which Ms. Salmeron must carry in order to prove her case, such a result would be unfair. Accordingly, the Court finds that Ms. Salmeron should be allowed to contact directly the thirty customers who did not return the questionnaires.

Moreover, disclosure of the contact information would not be overly burdensome. Ms. Salmeron's requested disclosure involves the production of the name and telephone number of the thirty customers who did not return the questionnaires. The March 6, 2002 Order required Highlands Ford to create, deliver and review questionnaires sent to and received back from each of the thirty-five customers who purchased rental vehicles from Highlands Ford. Ms. Salmeron's request for contact information is no more burdensome -- and in fact may be much less so -- than the directives set forth in the March 6, 2002 Order.

Additionally, the Court finds unavailing Highlands Ford's arguments that Plaintiff's Objections are improper because they are untimely and because they violate Rule 16-703 of the New Mexico Rules of Professional Conduct. First, while Rule 72(a) allows a party only ten days in which to file objections to a magistrate judge's order, Rule 6(a) provides that when the period of time allowed is less than eleven days, weekend days are not counted. *See* Fed. R. Civ. P. 6(a). Ms. Salmeron's March 20, 2002 filing of her Objections to the March 6, 2002 Order thus was timely. Next, Rule 16-703 is not applicable here. Rule 16-703 limits a lawyer's in-person or telephone solicitation of legal

business. Here, Ms. Salmeron seeks to learn the identity of third-party witnesses to present testimony at her trial. There is no evidence to even give the appearance that Ms. Salmeron's counsel seeks to solicit legal business from these potential witnesses.

## CONCLUSION

For the reasons set forth above, Ms. Salmeron should be provided with the information necessary to allow her to contact directly the thirty customers who did not return the questionnaires sent out by Defendants in accordance with the March 6, 2002 Order.

**IT IS THEREFORE ORDERED** that the March 6, 2002 Order is set aside and Plaintiff's Renewed Motion to Compel **[Doc. 53]** is granted.

**DATED** this 29th day of September, 2003.

_____
MARTHA VÁZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE


Attorney for Plaintiff:
Susan Warren, Esq.

Attorney for Defendant:
Martin R. Esquivel, Esq.